**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00790 PAB-BNB

CONCATEN, INC.,

        Plaintiff,

v.

AMERITRAK FLEET SOLUTIONS, LLC d.b.a. AMERITRAK

        Defendant.
_____

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND
LANHAM ACT VIOLATIONS**
_____

Plaintiff, Concaten, Inc., by and through its undersigned counsel, states and alleges the following as its Complaint for Patent Infringement and for additional damages resulting from Lanham Act violations ("Complaint") against Defendant AmeriTrak Fleet Solutions, LLC. All of the allegations and other factual contentions which are made on information and belief were formed after inquiry reasonable under the circumstances and are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PARTIES

1.    Plaintiff, Concaten, Inc. (hereinafter referred to as "Concaten" and/or Plaintiff) is a State of Delaware corporation with its principal place of business located at 24918 Genesee Trail Road, Golden, Colorado 80401. Concaten owns all right, title, and interest to United States Patent Numbers 7,355,509 ('509), 7,714,705 ('705), 8,120,473 ('473), 8,284,037 ('037), and

1

8,497,769 ('769), which are collectively referred to below as the "Concaten Patents." Concaten conducts business in the District of Colorado.

2. On information and belief, AmeriTrak Fleet Solutions, LLC is a State of Minnesota limited liability corporation with a registered principal place of business located at 12978 Haven Road, Little Falls, Minnesota 56345. AmeriTrak Fleet Solutions, LLC lists a business address at 9301 Bryant Avenue South, Bloomington, Minnesota 55420. AmeriTrak Fleet Solutions, LLC conducts business in the District of Colorado. AmeriTrak Fleet Solutions, LLC may be served with process via its registered agent for service, president and chief executive officer, Beverly Edelstein, at 9917 Irving Avenue South, Bloomington, Minnesota 55431.

3. On information and belief and according to the State of Minnesota Secretary of State's website, Defendant AmeriTrak Fleet Solutions, LLC is the "Nameholder" and does business as "AmeriTrak" which is a State of Minnesota "Assumed Name" with a registered principal place of business located at 9917 Irving Avenue South, Bloomington, Minnesota 55431. AmeriTrak also lists a business address at 9301 Bryant Avenue South, Bloomington, Minnesota 55420. AmeriTrak conducts business in the District of Colorado. AmeriTrak may be served with process via its registered agent for service, president and chief executive officer, Beverly Edelstein, at 9917 Irving Avenue South, Bloomington, Minnesota 55431.

4. Hereinafter Defendant AmeriTrak Fleet Solutions, LLC d.b.a. "AmeriTrak" shall be referred to as "AmeriTrak" or "Defendant." In interpreting the words in this Complaint the designation "AmeriTrak" and "Defendant" shall refer collectively to any combination of Defendant or Defendant's d.b.a.(s), so unless the context will otherwise provide or require, the singular will include the plural and the plural will include the singular.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is also an action for violations of 15 U.S.C. §1125(a) (Section 43(a)) of the Lanham Act). This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121.

6. This Court has personal jurisdiction over AmeriTrak by virtue of, *inter alia*, AmeriTrak's continuing course of conduct whereby AmeriTrak: 1.) purposefully maintains systematic contacts and obligations with the State of Colorado and its agencies; 2.) has violated of 15 U.S.C. §1125(a) (Section 43(a)) of the Lanham Act) that has led to foreseeable damages, harm and injury to Plaintiff in the State of Colorado; 3.) has committed the tortious act of patent infringement that has led to foreseeable damages, harm and injury to Plaintiff in the State of Colorado; 4.) has deliberately created continuing contractual and/or business obligations and/or systematic contacts (*e.g.* intentionally providing a continuous stream of products and/or services) by and between itself directly to customers/clients/entities located within the State of Colorado; 5.) has deliberately created contractual obligations between itself and Plaintiff whereby the Defendant has agreed to the application of the laws of the State of Colorado; and 6.) directly makes, distributes, provides, offers, offers for sale and/or license, sells and/or licenses and/or advertises its products and/or services in the United States, the State of Colorado and this Judicial District.

7. Defendant AmeriTrak has regularly engaged and does currently engage in business and conduct in the State of Colorado and this Judicial District which subjects AmeriTrak to personal jurisdiction. AmeriTrak has voluntarily subjected itself to the jurisdiction of the State of

Colorado and this Judicial District and/or has otherwise purposefully availed itself of the privileges of conducting business in the State of Colorado and this Judicial District. Accordingly, this Court has personal jurisdiction over AmeriTrak.

8. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400. The Defendant conducts business, has infringed, and continues to infringe upon the Concaten Patent(s) within this Judicial District.

## BACKGROUND

9. On April 8, 2008, after a full and fair examination, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,355,509, entitled "SMART MODEM DEVICE FOR VEHICULAR AND ROADSIDE APPLICATIONS" to Concaten (the '509 Patent). Since its issuance, the '509 Patent has been in full force and effect. Concaten owns all right, title, and interest to the '509 Patent, including the right to sue for past, present, and future infringements and any/all rights needed to bring this patent infringement action. On May 11, 2010, after a full and fair examination, the USPTO duly and legally issued United States Patent No. 7,714,705, entitled "MAINTENANCE DECISION SUPPORT SYSTEM AND METHOD" to Concaten (the '705 Patent). Since its issuance, the '705 Patent has been in full force and effect. Concaten owns all right, title, and interest to the '705 Patent, including the right to sue for past, present, and future infringements and any/all rights needed to bring this patent infringement action. On February 21, 2012, after a full and fair examination, the USPTO duly and legally issued United States Patent No. 8,120,473 entitled "SMART MODEM DEVICE FOR VEHICULAR AND ROADSIDE APPLICATIONS" to Concaten (the '473 Patent). Since its issuance, the '473 Patent has been in full force and effect.

Concaten owns all right, title, and interest to the ʼ473 Patent, including the right to sue for past, present, and future infringements and any/all rights needed to bring a patent infringement action. On October 9, 2012, after a full and fair examination, the USPTO duly and legally issued United States Patent No. 8,284,037 entitled "MAINTENANCE DECISION SUPPORT SYSTEM AND METHOD FOR VEHICULAR AND ROADSIDE APPLICATIONS" to Concaten (the ʼ037 Patent). Since its issuance, the ʼ037 Patent has been in full force and effect. Concaten owns all right, title, and interest to the ʼ037 Patent, including the right to sue for past, present, and future infringements and any/all rights needed to bring this patent infringement action. On July 30, 2013, after a full and fair examination, the USPTO duly and legally issued United States Patent No. 8,497,769 entitled "MAINTENANCE DECISION SUPPORT SYSTEM AND METHOD FOR VEHICULAR AND ROADSIDE APPLICATIONS" to Concaten (the ʼ769 Patent). Since its issuance, the ʼ769 Patent has been in full force and effect. Concaten owns all right, title, and interest to the ʼ769 Patent, including the right to sue for past, present, and future infringements and any/all rights needed to bring this patent infringement action.

10. Hereinbefore and after, United States Patent Numbers 7,355,509 (ʼ509), 7,714,705 (ʼ705), 8,120,473 (ʼ473), 8,284,037 (ʼ037), and 8,497,769 (ʼ769) shall be collectively referred to as the "Concaten Patents." However, the description "Concaten Patents" may refer and/or relate to any combination of one or more of the Patents. True and correct copies of the Concaten Patents are attached hereto as **Exhibits 1–5**, respectfully.

11. In summary, a maintenance decision support system ("MDSS") is a computer-based system that, among other potential and/or actual applications, provides State transportation departments' winter maintenance personnel with specific weather forecast information and

treatment recommendations (*i.e.*, road specific treatment recommendations for an efficient, effective and environmentally conscious application of salt and other deicing materials by snow plow operators). Automated vehicle location ("AVL" a.k.a. global positioning satellite ("GPS")) and mobile (or maintenance) data collection ("MDC" a.k.a. mobile data terminal or "MDT")) systems are necessarily integrated, interpreted and/or applied in tandem by a MDSS system to provide real-time maintenance, road and weather information and to optimize current and future recommendations to end-users. AVL and MDC are crucial components to a proper MDSS.

12. The Concaten Patents concisely embody Concaten's MDSS, AVL, GPS, MDC, MDT and functionally equivalent technologies related methods, software, processes, systems, data and related equipment (which include, without limitation, specially configured interactive screen monitors, GPS tracking units, on-board camera(s), engine, hydraulic, and other sensor feeds) all of which in concert collect, transmit and display data (real-time and otherwise) from, among other possible vehicles and/or sources, State Department of Transportation ("DOT") maintenance vehicles, typically snow plows. Hereinafter Concaten's systems, methods, software, processes, computer systems, data and related equipment as claimed in and embodied by the Concaten Patents shall be collectively referred to as the "patented systems." Among other valuable applications, the patented systems allow transportation departments' managers, vehicle (*e.g.* snow plow) operators and other personnel to monitor current/real-time data from vehicles in the field. Such data includes, but is not limited to, vehicle location plus any combination of one or more of route-specific road treatment data, past and current road weather and pavement conditions, temperatures, plow positioning, vehicle maintenance data, vehicle speed and the like.

13. On information and belief, AmeriTrak makes, uses, offers, provides, offers to sell, and/or

sells an array of MDSS related products and/or services (including AVL, GPS, MDC, MDT and any functionally equivalent technologies regardless of how AmeriTrak describes such models, systems, parts, products, services, etc.) to its customers that embody the patented systems and/or substantially rely upon the information and data collected and transmitted via the patented systems and thus AmeriTrak's array of MDSS related products and/or services infringe on Concaten's Patents. The products and/or services utilized by AmeriTrak and the data integrated into such products and/or services and/or utilized by AmeriTrak and which AmeriTrak offers, sells and provides to its end-users, for profit, and under the guise of its own ingenuity, and/or via unlicensed/licensed third party provider(s) and otherwise, relies entirely upon, and completely embodies, the patented systems.

14. Defendant AmeriTrak's making, using, offering, providing, selling, and/or offering to sell the patented systems and/or components of the patented systems is unauthorized and unlicensed and promotes unauthorized and unlicensed third-party infringers, providers and otherwise of products and/or services that embody and infringe the Concaten Patents has directly infringed, contributed and continues to contribute to the infringement of, the Concaten Patents.

15. On information and belief, during the developmental stages of some of Defendant AmeriTrak's infringing products and/or services, AmeriTrak obtained the patented systems and, via its own agents and the encouragement, instructing, directing and/or advising of third parties as to how to infringe on the Concaten Patents, surreptitiously promoted and actively participated in the advancement of the unauthorized reproduction of the patented systems. Simply stated, AmeriTrak intentionally engaged and/or contracted with third parties to work in concert to infringe on the Concaten Patents. AmeriTrak's deliberate participation in the reverse

engineering of the patented systems, and active efforts to circumvent Concaten's Patents, has induced infringement of Concaten's Patents and continues to do so.

16. A result of AmeriTrak's aforementioned inducement of infringement has been AmeriTrak's own manufacturing, making, deployment, using, offering, providing, selling, and/or offering to sell systems to third parties that directly infringe on Concaten's Patents as they are deliberate copies of the patented systems.

17. AmeriTrak's MDSS related products and/or services (including AVL, GPS, MDC, MDT and any functionally equivalent technologies regardless of how AmeriTrak describes such models, systems, parts, products, services, etc.) literally infringe upon the patented systems or achieve substantially the same result as the patented systems, perform substantially the same function as the patented systems and operate in substantially the same way as the patented systems.

18. AmeriTrak's direct and indirect infringement of the patented systems has been and continues to be without express or implied license from Concaten.

19. On information and belief, as a result of AmeriTrak's direct and indirect patent infringement, AmeriTrak offered and sold for profit to its end-user customers at least 1,239 MDSS related product system units (including AVL, GPS, MDC, MDT and all functionally equivalent technologies regardless of how AmeriTrak describes such models, systems, parts, products, services, etc.). Those 1,239 MDSS related product system units directly infringe and entirely rely upon, and completely embody, the patented systems. AmeriTrak charged its end-user customers no less than approximately $2,067.00 per MDSS related product system unit totaling approximately $2,561,013.00 in revenue received by AmeriTrak via the direct and

indirect infringement of the Concaten Patents. Moreover, AmeriTrak has provided, offered, charged and sold for profit, and continues to provide, offer, charge and sell for profit, to its end-user customers, monthly service fees per each 1,239 MDSS related product system unit since at least October 30, 2009 (at least 52 months prior to the date of filing of this Complaint) for an additional approximately $385,923.72 in revenue received by AmeriTrak via the direct and indirect infringement of the Concaten Patents. Accordingly, as a result of AmeriTrak's direct and indirect patent infringement, AmeriTrak has been unjustly enriched and has caused Concaten to suffer, and continue to suffer, damages, harm and injury in an amount and degree to be proven at trial, plus costs incurred, reasonable attorneys' fees and pre/post-judgment interest.

20. AmeriTrak has mislead its actual and potential customers/consumers/end-users by intentionally misrepresenting facts and circumstances regarding and concerning the source, origin, quality, characteristics, attributes and function of the patented systems and AmeriTrak's array of infringing and related products and/or services via, without limitation, advertisements, its various websites, promotions and issued propaganda.

21, AmeriTrak has intentionally posted false and misleading advertisements on its websites and intentionally presented false and misleading promotions to its actual and potential customers/consumers/end-users about the patented systems and about AmeriTrak's array of infringing and related products and/or services. For example, and without limitation, AmeriTrak has falsely and misleadingly declared: 1. that it developed the patented systems and functionally related and/or equivalent technologies (which it did not); and 2. that its products have certain characteristics, properties and abilities (which they do not).

22. As a result of AmeriTrak's false statements and/or misrepresentations of fact to various

9

and numerous persons, including its current and potential consumers, consumers, end-users, the public and various governments, agencies, departments and officials, AmeriTrak has unfairly competed with Concaten, has been unjustly enriched and has caused Concaten to suffer, and continue to suffer, damages, harm and injury in an amount and degree to be proven at trial, plus costs incurred and reasonable attorneys' fees.

## FIRST CLAIM FOR RELIEF

### (For Defendant's Direct Infringement of the Concaten Patents)

23. Concaten hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. AmeriTrak has actively and knowingly infringed and is continuing to infringe the Concaten Patents with knowledge of Concaten's patent rights and without a reasonable basis for believing that AmeriTrak's conduct is lawful.

25. AmeriTrak has infringed and is continuing to infringe the Concaten Patents by, without limitation, engaging in acts including copying and/or making and/or using and/or selling and/or offering to sell within the United States, during the term of the Patents, products and/or systems that embody the patented systems described and claimed in the Concaten Patents either literally or in substantially the same way.

26. AmeriTrak's activities have been and continue to be without express or implied authority and/or license from Concaten.

27. AmeriTrak's aforementioned infringing products and/or systems fall within one or more of the claims of the Concaten Patents.

28. AmeriTrak will continue to unlawfully and unjustifiably directly infringe the Concaten

Patents unless enjoined by this Court.

29. AmeriTrak's unlawful and unjustifiable acts of direct infringement have been and continue to be willful, deliberate and in reckless disregard of Concaten's patent rights. AmeriTrak is thus liable to Concaten for infringement of the Concaten Patents pursuant to 35 U.S.C. § 271(a).

30. As a direct and proximate result of AmeriTrak's direct infringement of the Concaten Patents, Concaten has been damaged, will be further damaged, and is entitled to be compensated for such damages, in an amount and degree to be determined at trial, but not less than $2,946,936.72, plus pre/post-judgment interest, costs incurred and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 281, 284 and 285.

## SECOND CLAIM FOR RELIEF

**(For Defendant's Inducement of Infringement of the Concaten Patents)**

31. Concaten hereby incorporates by reference the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. AmeriTrak has actively and knowingly induced the infringed and is continuing to induce infringement of the Concaten Patents with knowledge of Concaten's patent rights and without a reasonable basis for believing that AmeriTrak's conduct is lawful.

33. AmeriTrak has actively, knowingly, willfully and deliberately induced infringement and is continuing to induce infringement of the Concaten Patents by, without limitation, engaging in acts including the encouragement, instructing, directing and/or advising of third parties as to how to infringe the Concaten Patents via the unauthorized copying and/or making and/or using and/or selling and/or providing and/or offering to sell within the United States, during the term of the

patent, products and/or services that embody the patented invention/design described and claimed in the Concaten Patents, either literally or in substantially the same way, including, for example, MDSS AVL/MDC related systems.

34. AmeriTrak's activities have been and continue to be without express or implied authority and/or license from Concaten.

35. AmeriTrak will continue to unlawfully and unjustifiably induce infringement of the Concaten Patents unless enjoined by this Court.

36. AmeriTrak's unlawful and unjustifiable inducement of infringement has been and continues to be willful, deliberate and in reckless disregard of Concaten's patent rights. AmeriTrak is thus liable to Concaten for the inducement of infringement of the Concaten Patents pursuant to 35 U.S.C. § 271(b).

37. As a direct and proximate result of AmeriTrak's inducement of infringement of the Concaten Patents, Concaten has been damaged, will be further damaged, and is entitled to be compensated for such damages, in an amount and degree to be determined at trial, plus pre/post-judgment interest, costs incurred and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 281, 284 and 285.

## THIRD CLAIM FOR RELIEF

**(For Defendant's Contributory Infringement of the Concaten Patents)**

38. Concaten hereby incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. AmeriTrak actively and knowingly accepted, provided, sold and sells and/or offered to sell, within the United States, material component(s) of the patented systems to third parties with

knowledge of Concaten's patent rights and with knowledge that such material component(s) was/were/is/are to be especially made or especially adapted for use in an infringement of the Concaten Patents, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

40. AmeriTrak has committed acts of contributory infringement of the Concaten Patents.

41. AmeriTrak's activities have been without express or implied authority and/or license from Concaten.

42. AmeriTrak will continue to unlawfully and unjustifiably contribute to the infringement of the Concaten Patents unless enjoined by this Court.

43. AmeriTrak's unlawful and unjustifiable acts of contributory infringement have been and continue to be willful, deliberate and in reckless disregard of Concaten's patent rights.

44. AmeriTrak is thus liable to Concaten for contributing to the infringement of the Concaten Patents pursuant to 35 U.S.C. § 271(c).

45. As a direct and proximate result of AmeriTrak's contributory infringement of the Concaten Patents, Concaten has been damaged, will be further damaged, and is entitled to be compensated for such damages, in an amount and degree to be determined at trial, plus pre/post-judgment interest, costs incurred and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 281, 284 and 285.

**FOURTH CLAIM FOR RELIEF**

**(For Defendant's Violations of 15 U.S.C. §1125(a) (Section 43(a)) of the Lanham Act)**

46. Concaten hereby incorporates by reference the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. AmeriTrak is in commercial competition with Concaten.

48. AmeriTrak has actively and knowingly misrepresented and is actively and knowingly misrepresenting the origins of the patented systems and/or its products and/or systems to persons including, without limitation, its actual and potential customers/consumers/end-users.

49. AmeriTrak has actively and knowingly misrepresented and is actively and knowingly misrepresenting the patented systems' and/or its products' and/or its systems' physical and/or functional attributes to persons including, without limitation, its actual and potential customers/consumers/end-users.

50. The misleading advertising/promotion and statements of fact concern the patented systems' nature and/or characteristics and/or origins and/or qualities.

51. The misleading advertising/promotion and statements of fact concern AmeriTrak's products' and/or systems' nature and/or characteristics and/or origins and/or qualities.

52. AmeriTrak has intentionally made, and continues to make, literal false and/or misleading statements of fact concerning the patented systems and/or its products and/or its systems, that have mislead, confused and/or deceived persons including, without limitation, actual and potential customers/consumers/end-users via commercial advertisement(s) and/or promotion(s) about the patented systems and its products and/or systems. Such confusion and deception continues.

53. AmeriTrak's false and/or misleading statements of fact have and continue to deceive and continue to have the capacity to deceive, persons, including, without limitation, a substantial segment of its actual and/or potential customers and consumers and end-users.

54. AmeriTrak's false and/or misleading statements of fact have and continue to confuse and

14

continue to have the capacity to confuse persons including, without limitation, a substantial segment of its actual and/or potential customers and consumers and end-users.

55. The deception created and caused by AmeriTrak's false and/or misleading statements of fact is material in that it has influenced and is likely to continue to influence, persons including, without limitation, its actual and/or potential customers/consumers/end-users, and their purchasing decision(s).

56. The patented systems and AmeriTrak's related products and/or services are in interstate commerce.

57. AmeriTrak's advertisements/promotions misrepresent the producer and origins of the patented systems and its offered products and/or services.

58. AmeriTrak's advertisements/promotions misrepresent its products' and/or services' characteristics.

59. AmeriTrak's advertisements/promotions misrepresent the existence of standards allegedly applicable to the patented systems and/or its related products and/or services.

60. AmeriTrak will continue to unlawfully and unjustifiably deceive customers/consumers/end-users unless enjoined by this Court.

61. Concaten has made a substantial investment of time, effort, and money in creating the patented systems which have been misappropriated by AmeriTrak.

62. AmeriTrak has misappropriated the patented systems at little or no cost, thereby "reaping where it has not sown."

63. AmeriTrak's acts have injured Concaten via a direct diversion of profits from Concaten to AmeriTrak and/or via a loss of royalties that Concaten charges to others to use the patented

systems.

64. AmeriTrak has unfairly capitalized on the investment of time, money and resources of Concaten, AmeriTrak's competitor.

65. AmeriTrak's false and/or misleading statements of fact and misappropriations have been and continue to be intentional, willful, deliberate and/or made in bad faith. Accordingly, pursuant to 15 U.S.C. §1117(a), treble damages are appropriate.

66. As a direct and proximate result of AmeriTrak's false and/or misleading advertisements, false and/or misleading promotions, false and/or misleading statements of fact, and/or misappropriations, Concaten has been competitively and commercially damaged, will be further damaged, and is entitled to be compensated for such damages, in an amount and degree to be determined at trial, but not less than $2,946,936.72.

## **DEMAND FOR JURY TRIAL**

Concaten demands a jury trial for all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Concaten respectfully prays for the following relief:

a. Entry of Judgment holding Defendant liable for infringement of the Patent(s) at issue in this litigation;

b. An injunction Order permanently restraining and enjoining Defendant, its officers, directors, agents, employees, affiliates, subsidiaries, assigns, successors in interest and those persons in active concert or participation with any of them, from further and continued acts of infringement of the Concaten Patent(s) at issue in this litigation pursuant to 35 U.S.C. § 283;

c. An Order awarding Concaten compensatory damages as a result of AmeriTrak's infringement of the Patent(s) at issue in this litigation under 35 U.S.C. § 284 and/or otherwise, and not less than a reasonable royalty of $2,946,936.72, together with pre-judgment and post-judgment interest;

d. Trebling damages under 35 U.S.C. § 284 commensurate with the willful and deliberate nature of AmeriTrak's infringement of the Patent(s) at issue in this litigation;

e. An Order awarding Concaten its costs and attorneys' fees under 35 U.S.C. § 285;

f. For AmeriTrak's violations of 15 U.S.C. §1125(a) (Section 43(a)) of the Lanham Act), an Order awarding Concaten its actual and compensatory damages (including Defendant's ill gained revenue of not less than $2,946,936.72), plus treble damages, costs and attorneys' fees pursuant to 15 U.S.C. §1117(a) and (b);

g. For Defendant's violations of 15 U.S.C. §1125(a) (Section 43(a)) of the Lanham Act), an Order pursuant to 15 U.S.C. §1118, that all of Defendant's labels, signs, prints, packages, wrappers, receptacles, and advertisements, in the possession of the Defendant, bearing the registered mark, the word, term, name, symbol, device, combination thereof, designation, description, or representation of the products and/or systems and/or services that embody the patented systems and/or invention/design described and claimed in the Concaten Patents either literally or in substantially the same way, including, for example, AVL/MDC systems, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed;

h. An injunction Order permanently restraining and enjoining Defendant, its officers,

directors, agents, employees, affiliates, subsidiaries, assigns, successors in interest and those persons in active concert or participation with any of them, from further and continued violation of 15 U.S.C. § 1125(a) pursuant to 15 U.S.C. § 1116(a), including a provision directing the Defendant to file with the Court and serve on the Plaintiff within thirty (30) days after the service on the Defendant of such injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction; and

i. Such additional and other legal and/or equitable relief that may be available under law and that the Court deems just and appropriate.

Dated this 6th day of May, 2014.

In accordance with D.C.COLO.LCiv.R. 5.1 and D.C.COLO. ECF Procedures §IV a duly signed original of this document is on file at undersigned counsel's office and will be made available for inspection by other parties and/or the Court upon request.

Respectfully Submitted,

s/ David A. Palladino
David A. Palladino, Atty. No. 31479
24918 Genesee Trail Road
Golden, Colorado 80401
Telephone: 303.946.0957
E-Mail: david@iwapi.com

Attorney for Plaintiff Concaten, Inc.