## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CONCATEN, INC.<br><br>              Plaintiff,<br><br>v.<br><br>AMERITRAK FLEET SOLUTIONS, LLC<br>d.b.a. AMERITRAK,<br><br>              Defendant. | Civil Case No. 1:14-cv-00790-PAB-BNB<br>Judge Philip A. Brimmer |

## AMERITRAK FLEET SOLUTIONS, LLC'S
## ANSWER TO FIRST AMENDED COMPLAINT AND AMERITRAK'S
## COUNTERCLAIMS

AmeriTrak Fleet Solutions, LLC ("AmeriTrak") answers the First Amended Complaint for Patent Infringement and Lanham Act violations ("Complaint") as follows:

### GENERAL DENIAL

AmeriTrak denies each and every allegation, matter, or thing contained in the Complaint that is not expressly admitted, qualified, or answered herein.

### PARTIES

1.     As to Paragraph 1, AmeriTrak is without sufficient information to admit or deny the allegations of the first and third sentences of this paragraph. AmeriTrak denies the remainder of the allegations in this paragraph.

2.    As to Paragraph 2, AmeriTrak admits only that it has a business address at 9301 Bryant Avenue South, Bloomington, Minnesota 55420, Suite 207.

3.    As to Paragraph 3, AmeriTrak admits only that AmeriTrak Fleet Solutions, LLC conducts business as "AmeriTrak" and "AmeriTrak" is registered in Minnesota as an assumed name for AmeriTrak Fleet Solutions, LLC.

4.    As to Paragraph 4, there do not appear to be any allegations in this paragraph; as such, no response is required.

## JURISDICTION AND VENUE

5.    Paragraph 5 calls for legal conclusions, to which no response is required.

6.    Paragraph 6 calls for legal conclusions, to which no response is required. The allegations of paragraph 6 are denied.

7.    Paragraph 7 calls for legal conclusions, to which no response is required.

8.    Paragraph 8 calls for legal conclusions, to which no response is required.

## BACKGROUND

9.    As to Paragraph 9, AmeriTrak admits only: (1) that the '509 patent is entitled "Smart Modem Device for Vehicular and Roadside Applications" and was issued on April 8, 2008; (2) that the '705 patent is entitled "Maintenance Decision Support System and Method" and was issued on May 11, 2010; (3) that the '473 patent is entitled "Smart Modem Device for Vehicular and Roadside Applications" and was issued on February 21, 2012; (4) that the '037 patent is entitled "Maintenance Decision Support System and Method for Vehicular and Roadside Applications" and was issued on October 9, 2012; and, (5) that the '769 patent is entitled "Maintenance Decision

Support System and Method for Vehicular and Roadside Applications" and was issued on July 30, 2013.

10.     As to Paragraph 10, there do not appear to be any allegations in this paragraph; as such, no response is required.  Exhibits 1-5 are written documents, which speak for themselves.

11.     As to Paragraph 11, denied.

12.     As to Paragraph 12, denied.

13.     As to Paragraph 13, denied.

14.     As to Paragraph 14, denied.

15.     As to Paragraph 15, denied.

16.     As to Paragraph 16, denied.

17.     As to Paragraph 17, denied.

18.     As to Paragraph 18, denied.

19.     As to Paragraph 19, denied.

20.     As to Paragraph 20, denied.

21.     As to Paragraph 21, denied.

22.     As to Paragraph 22, denied.

### FIRST CLAIM FOR RELIEF

### (For Defendants' Direct Infringement of the Concaten Patents)

23.     As to paragraph 23, AmeriTrak incorporates by reference and restates its answers to paragraphs 1 through 22 as if fully set forth herein.

24.     As to Paragraph 24, denied.

25. As to Paragraph 25, denied.

26. As to Paragraph 26, denied.

27. As to Paragraph 27, denied.

28. As to Paragraph 28, denied.

29. As to Paragraph 29, denied.

30. As to Paragraph 30, denied.

## SECOND CLAIM FOR RELIEF

### (For Defendants' Inducement of Infringement of the Concaten Patents)

31. As to Paragraph 31, AmeriTrak incorporates by reference and restates its answers to paragraphs 1 through 30 as if fully set forth herein.

32. As to Paragraph 32, denied.

33. As to Paragraph 33, denied.

34. As to Paragraph 34, denied.

35. As to Paragraph 35, denied.

36. As to Paragraph 36, denied.

37. As to Paragraph 37, denied.

## THIRD CLAIM FOR RELIEF

### (For Defendants' Contributory Infringement of the Concaten Patents)

38. As to Paragraph 38, AmeriTrak incorporates by reference and restates its answers to paragraphs 1 through 37 as if fully set forth herein.

39. As to Paragraph 39, denied.

40. As to Paragraph 40, denied.

41.     As to Paragraph 41, denied.

42.     As to Paragraph 42, denied.

43.     As to Paragraph 43, denied.

44.     As to Paragraph 44, denied.

45.     As to Paragraph 45, denied.

## FOURTH CLAIM FOR RELIEF

### (For Defendants' Violations of 15 U.S.C. §1125(a) (Section 43(a)) of the Lanham Act)

46.     As to Paragraph 46, AmeriTrak incorporates by reference and restates its answers to paragraphs 1 through 45 as if fully set forth herein

47.     As to Paragraph 47, denied.

48.     As to Paragraph 48, denied.

49.     As to Paragraph 49, denied.

50.     As to Paragraph 50, denied.

51.     As to Paragraph 51, denied.

52.     As to Paragraph 52, denied.

53.     As to Paragraph 53, denied.

54.     As to Paragraph 54, denied.

55.     As to Paragraph 55, denied.

56.     As to Paragraph 56, AmeriTrak admits that its products are sold in multiple states, otherwise denied.

57.     As to Paragraph 57, denied.

58.     As to Paragraph 58, denied.

59. As to Paragraph 59, denied.

60. As to Paragraph 60, denied.

61. As to Paragraph 61, AmeriTrak is without sufficient information to admit or deny the allegations in this Paragraph and therefore denies the same.

62. As to Paragraph 62, denied.

63. As to Paragraph 63, denied.

64. As to Paragraph 64, denied.

65. As to Paragraph 65, denied.

66. As to Paragraph 66, denied.

## RESPONSE TO JURY DEMAND

AmeriTrak demands a jury trial for all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

Prayers for Relief require no response. AmeriTrak affirmatively asserts that Plaintiff is not entitled to any relief.

## AFFIRMATIVE DEFENSES

AmeriTrak's affirmative defenses are listed below. AmeriTrak reserves the right to add additional affirmative defenses consistent with the facts discovered in the case.

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted. Plaintiff fails "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff's complaint consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and would not survive a motion

to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

<u>Second Affirmative Defense</u>

Concaten fails to plead its causes of action with requisite particularity.

<u>Third Affirmative Defense</u>

No product made, used, sold, offered for sale or imported by AmeriTrak infringes United States Patent Numbers: 7,355,509 (the "'509 patent"), 7,714,705 (the "'705 patent"), 8,120,473 (the "'473 patent"), 8,284,037 (the "'037 patent"), and 8,497,769 (the "'769 patent") (such patents collectively referred to as the "Asserted Patents").

<u>Fourth Affirmative Defense</u>

The Asserted Patents are invalid or unenforceable pursuant to 35 U.S.C. § 112.

<u>Fifth Affirmative Defense</u>

The Asserted Patents invalid or unenforceable pursuant to 35 U.S.C. § 102 or 35 U.S.C. § 103.

<u>Sixth Affirmative Defense</u>

The Asserted Patents are drawn to non-patentable subject matter and are therefore invalid pursuant to 35 U.S.C. § 101.

<u>Seventh Affirmative Defense</u>

The Asserted Patents are unenforceable against AmeriTrak by virtue of the patent exhaustion doctrine.

## Eighth Affirmative Defense

AmeriTrak's activities are non-infringing by virtue of license.

## Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, based on applicable statutes of limitations.

## Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, based on equitable estoppel.

## Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, based on laches, waiver, or acquiescence.

## Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

## Thirteenth Affirmative Defense

Plaintiff lacks standing to all or some of the claims asserted in this lawsuit.

## Fourteenth Affirmative Defense

Plaintiff damages are barred by 35 U.S.C. §§ 286 and 287.

## AMERITRAK'S COUNTERCLAIMS

AmeriTrak Fleet Solutions, LLC ("AmeriTrak") asserts the following counterclaims against Concaten Inc. ("Concaten"):

1.      These Counterclaims against Concaten include claims for declaratory judgment under 28 U.S.C. § 2201 *et seq.*, that United States Patent Numbers: 7,355,509 (the "'509 patent"), 7,714,705 (the "'705 patent"), 8,120,473 (the "'473 patent"), 8,284,037 (the "'037 patent"), and 8,497,769 (the "'769 patent") (such patents collectively referred to as the "Asserted Patents") are not infringed by AmeriTrak and that the Asserted Patents are invalid.

### The Parties

2.      AmeriTrak is a limited liability company organized pursuant to Minnesota law having place of business at a business address at 9301 Bryant Avenue South, Bloomington, Minnesota 55420, Suite 207.

3.      On information and belief, Concaten is a corporation organized pursuant to Delaware law with a principal place of business located at 24918 Genesee Trail Road, Golden, Colorado 80401.

### Jurisdiction and Venue

4.      These counterclaims arise under the Patent Act, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

5.     By filing its Complaint against AmeriTrak, Concaten has purposefully availed itself of this forum and is therefore subject to personal jurisdiction in this District.

6.     To the extent venue is proper in connection with Concaten's First Amended Complaint (filed May 6, 2014), it is equally proper for these Counterclaims under 28 U.S.C. §§ 1391 and 1400.

## Background

7.     Paul A. Pisano is an employee of the United States Government, in the Federal Highway Administration ("FHWA") and, on information and belief, has been since 1989. Mr. Pisano is currently a Team Leader for road weather and work zone management at FHWA.

8.     In 2003, FHWA produced a report, written by Mr. Pisano and others, that had the following introduction:

> Managing a winter maintenance program today is an increasingly complex endeavor. Just making sure that a plow blade is at the ready when the first flake falls is only a small part o the task. With tight budgets and the high expectation of the public for keeping roads clear of snow and ice, today's maintenance manager has to be able to handle multiple tasks or risk getting behind the onslaught of winter weather. All of the regulations about chemical applications environmental impacts and multiple, often contradictory weather forecasts can lead to information overload.

> The Federal Highway Administration ("FHWA") recognized this potential problem in the late 1990's. Generally speaking, there were plenty of weather forecasts, along with a few companies that issued road-specific forecasts, but there was a lack of linkage between the information available and the decisions made by winter maintenance managers. It was this weak link that became the genesis for Maintenance Decision Support System (MDSS).

The MDSS has since matured into a functional prototype. During the winter of 2002-2003, the prototype was deployed at several maintenance garages in central Iowa for a field demonstration. This paper will document the implementation of the demonstration, a summary of lessons learned, verification statistics, and technology transfer activities. It will also describe plans for a longer, more comprehensive demonstration during the winter of 2003-2004.

9.      Related to the work at FHWA, on or before April 8, 2002, the National

Center for Atmospheric Research ("NCAR") prepared a Maintenance Decision Support

System ("MDSS") "Functional Prototype Overview Description" for the FHWA.

10.     At that time NCAR identified that five national research centers were

participating in the development of MDSS, including the Army Cold Regions Research

and Engineering Laboratory, NCAR, the Massachusetts Institute of Technology –

Lincoln Laboratory, NOAA National Severe Storms Laboratory, and NOAA Forecast

Systems Laboratory

11.      Indeed, there are scores of reports, available through NCAR and FHWA

that describe MDSS and MDSS's use in the United States, which predate February 25,

2005. As of June 24, 2014, those reports were available at:

www.rap.ucar.edu/projects/rdwx_mdss/documents; and,

ops.fhwa.dot.gov/weather/resources/publications.htm.

12.     In addition to the work by FHWA, there is publically available prior art

that describes MDSS, which pre-dates February 25, 2005.

13.     There is also publically available prior art that describes automated

vehicle location ("AVL") and global positioning satellites ("GPS") and mobile or

maintenance data collection, which pre-dates February 25, 2005.

14.     As one example, in a report published in 2003 or earlier, researchers from

the University of Kansas noted that:

> AVL [Automatic Vehicle Location] has been used extensively in public
> transit, law enforcement, and EMS applications (among others), and is
> garnering more and more interest with the highway maintenance
> community.  Sponsored by the Kansas DOT, The University of Kansas
> conducted a study of the use of AVL for highway maintenance activities,
> especially snow removal . . .

*See* Eric Meyer, and Ishtiaque Ahmed, Benefit-Cost Assessment of Automatic Vehicle

Location (AVL) in Highway Maintenance *available at*:

http://www.ctre.iastate.edu/pubs/midcon2003/meyerautomatic.pdf (last visited June

24, 2014).

15.     The Meyer and Ahmed article identifies a 1998 Virginia Department of

Transportation implementation of an AVL system that allowed snowplow managers to

better manage snow removal in four counties.  The system used technology to monitor

vehicle location, and road surface condition.

16.     On February 25, 2005, Kevin K. Groenewig and Christopher J. Rennie filed

provisional patent application number 60/656,650 (the "'650 application").

17.     On information and belief, Plaintiff asserts that the '650 application

disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '509

Patent.

18.     On information and belief, Plaintiff asserts that the '650 application

disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '705

Patent.

19. On information and belief, Plaintiff asserts that the '650 application disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '473 Patent.

20. On information and belief, Plaintiff asserts that the '650 application disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '037 Patent.

21. On information and belief, Plaintiff asserts that the '650 application disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '769 Patent.

22. On information and belief, Plaintiff asserts that the '509 Patent's application disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '705 Patent.

23. On information and belief, Plaintiff asserts that the '509 Patent's application disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '473 Patent.

24. On information and belief, Plaintiff asserts that the '509 Patent's application disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '037 Patent.

25. On information and belief, Plaintiff asserts that the '509 Patent's application disclosure enables (within the meaning of 35 U.S.C. § 112) the issued claims in the '769 Patent.

26.     On or around July 25, 2007, IWAPI, Inc. accepted a Purchase Order from URS Corporation related to a Minnesota Department of Transportation Project named "Districts 2, 3A, 4 & 8 TOCC ATMS Contract." That purchase order was issued pursuant to a prime contract between URS and the Minnesota Department of Transportation and incorporated the terms of that prime contract.

27.     On or around October 28, 2010, Concaten and IWAPI, Inc. entered into a Settlement and License Agreement with Meridian Environmental Technology, Inc., wherein Concaten and IWAPI, Inc. licensed their rights in the Asserted Patents to Meridian Environmental Technology, Inc.

### Count I – Declaratory Judgment of Non-Infringement
### (the '509 patent)

28.     AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

29.     Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '509 patent.

30.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

31.     AmeriTrak is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '509 patent.

32.     AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Count II – Declaratory Judgment of Non-Infringement

## (the '705 patent)

33.     AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

34.     Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '705 patent.

35.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

36.     AmeriTrak is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '705 patent.

37.     AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Count III – Declaratory Judgment of Non-Infringement

## (the '473 patent)

38.     AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

39.     Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '473 patent.

40. There accordingly is an actual, immediate, and justiciable controversy between the parties.

41. AmeriTrak is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '473 patent.

42. AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Count IV – Declaratory Judgment of Non-Infringement
### (the '037 patent)

43. AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

44. Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '037 patent.

45. There accordingly is an actual, immediate, and justiciable controversy between the parties.

46. AmeriTrak is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '037 patent.

47. AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**Count V – Declaratory Judgment of Non-Infringement**

**(the '769 patent)**

48.　　AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

49.　　Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '769 patent.

50.　　There accordingly is an actual, immediate, and justiciable controversy between the parties.

51.　　AmeriTrak is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '769 patent.

52.　　AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**Count VI – Declaratory Judgment of Invalidity**

**('509 Patent)**

53.　　AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

54.　　Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '509 patent.

55.　　The '509 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

56.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

57.     AmeriTrak is entitled to a declaration by the Court that one or more claims of the '509 patent is invalid.

58.     AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Count VII – Declaratory Judgment of Invalidity

### ('705 Patent)

59.     AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

60.     Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '705 patent.

61.     The '705 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

62.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

63.     AmeriTrak is entitled to a declaration by the Court that one or more claims of the '705 patent is invalid.

64.     AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**Count VIII – Declaratory Judgment of Invalidity**

**('473 Patent)**

65.     AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

66.     Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '473 patent.

67.     The '473 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

68.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

69.     AmeriTrak is entitled to a declaration by the Court that one or more claims of the '473 patent is invalid.

70.     AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**Count IX – Declaratory Judgment of Invalidity**

**('037 Patent)**

71.     AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

72.     Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '037 patent.

73.     The '473 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

74.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

75.     AmeriTrak is entitled to a declaration by the Court that one or more claims of the '037 patent is invalid.

76.     AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Count X – Declaratory Judgment of Invalidity

## ('769 Patent)

77.     AmeriTrak realleges and incorporates by reference the previous allegations of these Counterclaims.

78.     Concaten has alleged in this action that AmeriTrak has infringed, contributed to others' infringement, or induced others to infringe the '769 patent.

79.     The '769 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

80.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

81.     AmeriTrak is entitled to a declaration by the Court that one or more claims of the '769 patent is invalid.

82.     AmeriTrak is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

WHEREFORE, AmeriTrak prays for relief as follows:

1. Concaten's Complaint and the allegations therein be dismissed with prejudice;

2. That the Court find that Concaten's patent infringement allegations are sufficiently without merit so as to find this to be an exceptional case and award AmeriTrak its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285;

3. That the Court award AmeriTrak its costs, expenses and attorneys' fees pursuant to 28 U.S.C. § 1927;

4. Adjudicating and declaring that AmeriTrak has not infringed, directly or indirectly, any asserted claim of the Asserted Patents;

5. Adjudicating and declaring that the claims of the Asserted Patents are invalid; and

6. That AmeriTrak be granted such other further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  June 24, 2014

**GRAY, PLANT, MOOTY,
 MOOTY & BENNETT, P.A.**

By ___*/s/Loren L. Hansen*_____
    Dean C. Eyler
     Loren L. Hansen
  500 IDS Center
  80 South Eighth Street
  Minneapolis, Minnesota 55402-3796
  Telephone:  (612) 632-3000
  Fax:  (612) 632-4444
  Dean.eyler@gpmlaw.com
  Loren.hansen@gpmlaw.com

**ATTORNEYS FOR AMERITRAK**

Certificate of Service

I certify that on June 24, 2014, I served **AMERITRAK FLEET SOLUTIONS, LLC'S**

**ANSWER TO FIRST AMENDED COMPLAINT AND AMERITRAK'S**

**COUNTERCLAIMS** by ECF upon:

David Anthony Palladino, Jr.
David Anthony Palladino, Attorney at Law
24918 Genesee Trail Road
Golden, CO 80401
David@iwapi.com
Attorney for Plaintiff Concaten, Inc.

> Respectfully submitted,

Dated:  June 24, 2014            **GRAY, PLANT, MOOTY,**
                                 **MOOTY & BENNETT, P.A.**

                        By ____ */s/Loren L. Hansen* ____
                              Dean C. Eyler
                              Loren L. Hansen
                            500 IDS Center
                            80 South Eighth Street
                            Minneapolis, Minnesota 55402-3796
                            Telephone:  (612) 632-3000
                            Fax:  (612) 632-4444
                            Dean.eyler@gpmlaw.com
                            Loren.hansen@gpmlaw.com

                        **ATTORNEYS FOR AMERITRAK**

GP:3652393 v1