IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00790-PAB-BNB

CONCATEN, INC.,

       Plaintiff,

v.

AMERITRAK FLEET SOLUTIONS, LLC d.b.a. AMERITRAK

       Defendant.

## CONCATEN'S MOTION TO DISMISS COUNT IV OF THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 41(a)(2)

Plaintiff Concaten, Inc. ("Concaten"), by and through its undersigned counsel, hereby moves the Court to voluntarily dismiss Count IV of the Amended Complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and as grounds for this motion states as follows:

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with counsel for Defendant AmeriTrak Fleet Solutions, LLC ("AmeriTrak") in an attempt to resolve this matter prior to the filing of this Motion. Counsel for Defendant AmeriTrak has asserted that AmeriTrak would not stipulate to a dismissal of Claim IV without prejudice and that the relief requested via this Motion would be opposed.

### I. Factual Background and Procedural Posture

Concaten commenced this action on March 17, 2014, and filed a First Amended Complaint on May 6, 2014. [Document 7]. Count IV of the First Amended Complaint states a claim against the Defendant for various actions in violation of Section 43(a) of the Lanham Act [Document 7, ¶46-66](hereinafter, "the Lanham Act claim"). On October 2, 2014, the Court held a scheduling conference for this case. At that scheduling conference, the Court stayed all

1

discovery pending the Court's claim construction order and set a timetable for completing the *Markman* process. [Document 24 at page 15]. On November 11, 2014, Concaten filed a motion for a limited lifting of the Court's stay of discovery so that Concaten could take discovery relevant to the Lanham Act claim. [Document 25]. The Court denied Concaten's motion on March 4, 2015. [Document 48]. Concaten is now in possession of new information which indicates that an additional party may exist with respect to the Lanham Act claim, and such a party would not be able to be joined to this case. Concaten therefore desires to voluntarily dismiss its Lanham Act claim against the Defendant without prejudice at this time.

## II. Legal Analysis

As an initial matter, this Court should look to the law of the Tenth Circuit in deciding this motion, because even though this case contains patent claims, the Federal Circuit has held that as to procedural matters that do not pertain to patent issues, the law of the regional circuit applies. *See Panduit Corp. v. All States Plastics Mfg. Co.*, 774 F.2d 1564, 223 USPQ 465 (Fed. Cir. 1984). Under Tenth Circuit law, absent "legal prejudice" to the Defendant, this Court should normally grant a motion to dismiss without prejudice under Fed.R.Civ.P. 41(a)(2). *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (*quoting Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). The possibility that the lawsuit will be refiled does not constitute such prejudice. *Brown*, 413 F.3d at 1124. Prejudice could be found in the following considerations: (1) the defendant's effort and expense in preparing for trial; (2) the plaintiff's excessive delay and lack of diligence in the pending case; (3) an insufficient explanation of the need for a dismissal; and (4) the current stage of the litigation. *Id*. The Court is not tied to any specific factors in determining the Motion to Dismiss, but rather, should examine the particular circumstances of each case, with the goal of assuring that "`substantial justice is accorded to both parties, and

therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff.'" *Id*. (*quoting County of Santa Fe v. Public Serv. Co*., 311 F.3d 1031, 1048 (10th Cir. 2002)). Since none of the foregoing four (4) factors establish prejudice to the Defendant, the Court should grant this motion.

> **1. The Defendant has not expended any effort nor incurred any expense in preparing for trial on the Lanham Act claim.**

The Defendant has not expended any effort or expense to prepare for trial on the Lanham Act claim principally because the Court has stayed all proceedings which are not relevant to claim construction. The Court has stayed all discovery pending the Court's claim construction order. All of the activity that has taken place recently has been related to either: (1) the Defendant's motion challenging the validity of the patents-in-suit on the ground of subject matter eligibility; or (2) the process of construing the claims. Since nothing of substance nor on the merits has occurred relative to litigation of the Lanham Act claim, the Court should allow its voluntary withdrawal without prejudice.

Concaten did file a motion seeking discovery relative to the Lanham Act claim, but the Defendant resisted that motion and the Court ultimately denied the motion. The Defendant was highly critical of Concaten's Lanham Act claim stating that it was "important to note that the claim at issue is incredibly vague and presents no urgent issue" and that the claim "does not even point to a particular advertisement or statement made by AmeriTrak" and "makes only vague claims with formulaic recitation of the elements of a Lanham Act claim." *See* AmeriTrak's Response to Concaten's Motion for Limited Discovery, Document 29, at pg. 4. Despite these criticisms of Concaten's Lanham Act claim, the Defendant now insists that Concaten cannot voluntarily withdraw this claim without prejudice. Setting aside the Defendant's criticism, it is clear that the Defendant has not expended any effort nor incurred any expense in regard to the

3

Lanham Act claim. The only colorable effort or expense would be the five (5) pages of briefing submitted in opposition to Concaten's motion for limited discovery, and counsel's participation in a fifteen (15) minute telephone hearing on the motion. These paltry expenditures can hardly justify denying Concaten's withdrawal of the Lanham Act claim without prejudice, especially when nothing of substance has occurred relative to the litigation of that claim.

**2. Concaten has not delayed or lacked diligence in pursuing the Lanham Act claim.**

Concaten has not delayed or lacked diligence with respect to the Lanham Act claim. As noted above, the Court has stayed all discovery relative to this claim. Additionally, the Court rejected Concaten's request to have limited discovery relative to this claim. Since nothing has occurred in litigation of the Lanham Act claim, pursuant to the Court's order, Concaten cannot be said to have delayed or lacked diligence. Concaten has acted in accordance with this Court's order staying litigation of the Lanham Act claim, and therefore no delay or lack of diligence should be imputed to it. Instead, this factor favors granting Concaten's request to withdraw the Lanham Act claim without prejudice.

**3. Concaten has a sufficient explanation for the need for dismissal.**

Concaten has a sufficient explanation for the need for dismissal in that new information has come to light with respect to the Lanham Act claim which suggests other parties, which are likely not amenable to jurisdiction in Colorado, may need to be joined to such a claim. Since January 1, 2015, Concaten has received over sixty thousand (60,000+) pages of documents from the Minnesota Department of Transportation pursuant to a Freedom of Information Act (FOIA) requests made to that agency. Although the entirety of the document production has not been reviewed, those documents thatv have been reviewed suggest that the State of Minnesota has actively conspired with the Defendant in making actions/omissions/claims which would violate

the Lanham Act. Thus, Concaten believes that the State of Minnesota may be a party to its Lanham Act claims, but that the State would likely not be amenable to jurisdiction here in Colorado. Therefore, Concaten seeks dismissal of the Lanham Act claim against the Defendant now, so that it can review the entirety of the documentation produced, so that it can consider its options for proceeding on those claims, inclusive of filing them in a jurisdiction in which the State of Minnesota is amenable to jurisdiction.

    **4. The current stage of litigation favors dismissal.**

The very early stage of this litigation favors dismissal of the Lanham Act claim. As noted above, and pursuant to the Court's order, all proceedings not relevant to claim construction have been stayed. The Defendant filed an Answer to the Lanham Act claim, but no counterclaims relative to that claim. No discovery has taken place on the Lanham Act claim, and no trial is set for this matter. None of the Discovery Order, the Docket Control Order, the ESI Order or the Protective Order have been entered. Simply put, this case is in its infancy with respect to the Lanham Act. This is not a case where there is a significant amount of work ahead for the parties and the court; this is a case where <u>all of the work</u> is ahead for the parties and the court with respect to the Lanham Act claim. A case like this one, in its infancy, where discovery has not started and no trial date has been set is a prime candidate for plaintiff's voluntary dismissal of a claim without prejudice. The fourth factor favors Concaten's dismissal of the Lanham Act claim without prejudice.

**III. Conclusion**

For the foregoing reasons, Concaten respectfully requests that the Court grant the present motion to voluntarily dismiss Count IV of the Amended Complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Dated this 4th day of May, 2015.

In accordance with D.C.COLO.LCiv.R. 5.1 and D.C.COLO. ECF Procedures §IV a duly signed original of this document is on file at undersigned counsel's office and will be made available for inspection by other parties and/or the Court upon request.

Respectfully Submitted,

s/ Carl A. Hjort, III
David A. Palladino, Atty. No. 31479
Carl A. Hjort, III Atty. No. 42108
24918 Genesee Trail Road
Golden, Colorado 80401
Telephone: 303.946.0957
E-Mail: david@iwapi.com
carl@iwapi.com

Attorneys for Plaintiff Concaten, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2015, I electronically served the foregoing **CONCATEN'S MOTION TO DISMISS COUNT IV OF THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 41(a)(2)** on the following counsel of record:

Dean C. Eyler, Esq.
Loren L. Hansen, Esq.
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-3796
Telephone: (612)632-3000
Dean.eyler@gpmlaw.com
Loren.hansen@gpmlaw.com

*Attorneys for Defendant AmeriTrak*

s/ *David A Palladino*
David A. Palladino