IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00790-PAB-NYW

CONCATEN, INC.,

    Plaintiff,

v.

AMERITRAK FLEET SOLUTIONS, LLC d/b/a Ameritrak,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on the Motion to Dismiss Count IV of the Amended Complaint Pursuant to Fed. R. Civ. P. 41(a)(2) [Docket No. 60] filed by plaintiff Concaten, Inc. ("Concaten"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Concaten initiated this lawsuit on March 17, 2014. *See* Docket No. 1. In the operative amended complaint, Concaten alleged three claims for relief against defendant AmeriTrak Fleet Solutions, LLC ("AmeriTrak") for patent infringement and one claim for relief for violation of the Lanham Act, 15 U.S.C. § 1125(a). Docket No. 7. The basis for Concaten's Lanham Act claim is that AmeriTrak has made misrepresentations concerning the producer and origins of its products, which Concaten claims infringe its patents. *See* Docket No. 7 at 15-16, ¶¶ 57-59, 62-64. Specifically, Concaten alleges that AmeriTrak falsely and misleadingly represented that it

"developed the patented systems and functionally related and/or equivalent technologies (which it did not)" and "that its products have certain characteristics, properties and abilities (which they do not)." *Id.* at 9, ¶ 21.[1]

On October 2, 2014, Magistrate Judge Boyd Boland stayed all discovery in this matter pending the Court's entry of a claim construction order. *See* Docket No. 23. On November 11, 2014, Concaten moved to lift the discovery stay as to its Lanham Act claim. *See* Docket No. 25. Magistrate Judge Boland denied the motion. Docket No. 48. To date, the parties have not taken any discovery on plaintiff's Lanham Act claim.

On September 23, 2015, the Court held that the patents-in-suit were invalid on the grounds that they described an abstract idea and were thus ineligible pursuant to 35 U.S.C. § 101. *See* Docket No. 70. As a result, the Court dismissed Concaten's patent infringement claims. *Id.* at 16. Thus, only Concaten's Lanham Act claim remains pending.

In the instant motion, which plaintiff filed before the Court dismissed plaintiff's patent claims, plaintiff seeks to dismiss its Lanham Act claim without prejudice. *See* Docket No. 60. As grounds, plaintiff states that, some time after January 1, 2015, plaintiff received over 60,000 pages of documents from the Minnesota Department of

---

[1]Although Concaten does not explain its legal theory with respect to its Lanham Act claim in either the present motion or in its amended complaint, Concaten's claim appears to be that AmeriTrak's representations violated 15 U.S.C. § 1125(a)(1)(B), which prohibits any false or misleading representation of fact that "misrepresents the nature, characteristics, qualities, or geographic origin" of a person's "goods, services, or commercial activities[.]"

2

Transportation pursuant to a Freedom of Information Act ("FOIA") request and that plaintiff's initial review of those documents suggests that the State of Minnesota "has actively conspired with the Defendant in making actions/omissions/claims which would violate the Lanham Act." Docket No. 60 at 4-5. Plaintiff states that dismissal without prejudice is appropriate because plaintiff may be able to name the State of Minnesota as a defendant in its Lanham Act claim and that the State of Minnesota "would likely not be amenable to jurisdiction here in Colorado." *Id.* at 5.

AmeriTrak opposes Concaten's motion and argues that the motion is an attempt to interfere with and disadvantage AmeriTrak in parallel litigation with an insurance carrier, Auto-Owners Insurance Company ("Auto-Owners"). Docket No. 62 at 3. AmeriTrak states that, after it tendered this case to Auto-Owners, Auto-Owners filed a declaratory judgment action in state court in Minnesota (the "state court action")[2] seeking a judgment that Auto-Owners has no duty to defend AmeriTrak in this action. *Id.* Although AmeriTrak does not attach a copy of the relevant insurance policy or explain its relevant terms, it appears from AmeriTrak's Response that the existence of the Lanham Act claim is potentially determinative of Auto-Owners' duty to defend. *See id.* at 3, 5 (noting that AmeriTrak has argued in the state court action "that the Amended Complaint, particularly the Lanham Act claim, triggers a duty to defend" and "[a]n important part of AmeriTrak's argument for a duty to defend is the presence of Concaten's Lanham Act claim").

---

[2]The parallel litigation is *Auto-Owners Ins. Co. v. AmeriTrak Fleet Sols., LLC and Concaten, Inc.*, No. 27-cv-15-1136 (Minn. 4th Jud. Dist.). According to AmeriTrak, Concaten has been dismissed from the state court action. *See* Docket No. 62 at 3.

According to AmeriTrak, Auto-Owners filed its summary judgment motion in the state court action on May 5, 2015. Docket No. 62 at 3. Concaten's counsel, David Palladino, submitted an affidavit in the state court action dated May 4, 2015, the same day that Concaten filed the instant motion. See Docket No. 63-2. Mr. Palladino's affidavit informs the state court that Concaten filed the instant motion to dismiss its Lanham Act claim, *id.* at 3, and disputes AmeriTrak's basis for claiming coverage for this litigation under its insurance policy. See generally *id.* at 3-6.

AmeriTrak argues that Concaten "is coordinating with Auto-Owners in an effort to deprive AmeriTrak of insurance coverage to defend itself." Docket No. 62 at 4. AmeriTrak does not oppose dismissal of Concaten's Lanham Act claim, but argues that dismissal should be with prejudice.

## II. ANALYSIS

Concaten brings its motion pursuant to Fed. R. Civ. P. 41(a)(2). Docket No. 60 at 1. At the time Concaten filed its motion, Rule 41(a) was inapplicable, as Concaten only sought to dismiss one of its four claims.[3] The Court's dismissal of Concaten's patent claims, however, has cured this procedural defect; Concaten's motion, if

---

[3] Although there is no controlling decision from the Tenth Circuit, the weight of authority from other circuits is that Rule 41(a) governs dismissal of all claims against a defendant and does not allow for piecemeal dismissals. See *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint . . . [instead, we agree with two of our sister circuits] that Federal Rule of Civil Procedure 15(a) is the appropriate mechanism"); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 687-88 (9th Cir. 2005); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977). As a general rule, courts have found no meaningful distinction between a unilateral dismissal under Rule 41(a)(1) and a dismissal with judicial consent under Rule 41(a)(2) in this context. See *Hells Canyon*, 403 F.3d at 688.

granted, now has the effect of dismissing the entirety of this action. Although at the time of filing Concaten should have sought leave to amend its complaint to remove the Lanham Act claim pursuant to Fed. R. Civ. P. 15(a), the Court will consider whether dismissal pursuant to Rule 41(a) is appropriate.

Rule 41(a)(2) provides that a case may be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2) is designed to prevent voluntary dismissals that adversely affect the opposing party. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). In the absence of legal prejudice to the defendant, a district court should ordinarily grant a plaintiff's request for dismissal without prejudice. *Id.* Although the term "legal prejudice" is not precisely defined, relevant factors to consider include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). These factors are not exhaustive or conclusive and the court must take care to "consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

The first factor, AmeriTrak's expense and effort in preparing for trial, weighs heavily in favor of granting Concaten's motion. The parties have conducted no discovery on Concaten's Lanham Act claim and AmeriTrak's expenses and effort in defending against this claim appear limited to filing its answer to Concaten's amended complaint, *see* Docket No. 12 at 5-6, and a four-page response to Concaten's motion to reopen discovery. *See* Docket No. 29. The second factor, excessive delay and lack of

diligence on the part of the movant, is neutral. Concaten states that it obtained the documents from the Minnesota Department of Transportation "[o]n or about January 5, 2015." Docket No. 66 at 2, ¶ 3. Concaten offers no explanation for the approximately four-month delay between its receipt of these documents and its decision to file the instant motion. Nonetheless, since discovery in this action was stayed at all relevant times, even if the Court concluded that Concaten's motion was unreasonably delayed, the Court sees no legal prejudice that AmeriTrak suffered as a result of that delay.

Regarding the third factor, Concaten states that documents that it received in response to its FOIA request indicate that it may be appropriate to add the State of Minnesota as a defendant to its Lanham Act claim. Docket No. 60 at 4-5. AmeriTrak argues that Concaten can review those documents during the pendency of this litigation and that Concaten has not explained its theory that the State of Minnesota has "conspired" with AmeriTrak, why the State of Minnesota is a necessary party, or why Concaten could not initiate a separate suit against the state in a different venue. Docket No. 62 at 2-3. In response, Concaten attaches certain documents that it received pursuant to its FOIA request that purportedly evidence the so-called "conspiracy." In particular, Concaten attaches, among other documents, a memorandum dated April 19, 2010 which Concaten claims details the Minnesota Department of Transportation's plan to cease doing business with IWAPI Inc., a Concaten subsidiary, while providing AmeriTrak with copies of IWAPI's products so that AmeriTrak could develop a competing product. Docket No. 66 at 3-4, ¶ 6; *see also* Docket No. 66-1 at 2. The Court finds that this factor weighs in favor of dismissal. Without commenting on the merits of Concaten's potential claim against the State of

Minnesota, the Court notes that Concaten is correct that, if it wished to add as a party either the State of Minnesota or an official from the Minnesota Department of Transportation in his or her official capacity, the Court would not have jurisdiction over such a defendant. *Cf. Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 488 (5th Cir. 2008) (holding that due process and federalism concerns prohibited exercise of personal jurisdiction by a federal court in Texas over an Arizona state official acting in her official capacity). The fourth factor, the present stage of the litigation, favors dismissal. As discussed previously, no discovery has taken place on Concaten's Lanham Act claim.

Finally, the Court addresses AmeriTrak's claim that its expenses incurred in the state court action constitute prejudice since termination of Concaten's Lanham Act claim would undermine its claim for insurance coverage in that action. First, although the parties have not made the Court aware of the particulars of AmeriTrak's argument in favor of insurance coverage, it appears that any prejudice AmeriTrak may have suffered may have been alleviated by the Court's order dismissing Concaten's patent claims. If the presence of the Lanham Act claim was the determining factor that governs whether Auto-Owners had a duty to defend AmeriTrak against the patent claims, then any prejudice that AmeriTrak has suffered in being denied that insurance is minimal. Because the Court granted AmeriTrak's motion for judgment on the pleadings and dismissed Concaten's patent claims, AmeriTrak's expenses in defending the patent claims are limited to filing said motion as well as preparing for and participating in a claim construction hearing. Second, while AmeriTrak certainly had an incentive to pursue insurance to defend this litigation, the Court is not persuaded that expenses

incurred in doing so constitute "legal prejudice" for purposes of determining whether voluntary dismissal without prejudice is appropriate.

In sum, weighing the relevant factors, the Court finds that dismissal of Concaten's Lanham Act claim without prejudice is appropriate, as AmeriTrak has not demonstrated that it will suffer any legal prejudice from such a dismissal.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff Concaten, Inc.'s Motion to Dismiss Count IV of the Amended Complaint Pursuant to Fed. R. Civ. P. 41(a)(2) [Docket No. 60] is **GRANTED**. Plaintiff's fourth claim for relief is dismissed without prejudice. It is further

**ORDERED** that this case is dismissed in its entirety.

DATED November 10, 2015.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge